UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 05 - 11751 RGS

| | |
|---|---|
| RICHARD M. GOODMAN,<br>    Plaintiff<br><br>vs.<br><br>MASSACHUSETTS DEPARTMENT<br>OF CORRECTION,<br>    Defendant<br>KATHLEEN DENNEHY, Individually<br>and in her official capacity as Commissioner<br>of the Massachusetts Department of Correction,<br>    Defendant<br>LOUIS SPENCER, Individually and in his<br>official capacity as Superintendent, MCI,<br>Norfolk, Massachusetts Department of<br>Correction,<br>    Defendant<br>DANIEL CALIS, Individually and in his<br>official capacity as Director of Security, MCI,<br>Norfolk, Massachusetts Department of<br>Correction,<br>    Defendant<br>ANDREW REGO, Individually and in his<br>official capacity as a Captain, MCI, Norfolk,<br>Massachusetts Department of Correction,<br>    Defendant<br>SCOTT PAIVA, Individually and in his<br>official capacity as a Captain, MCI, Norfolk,<br>Massachusetts Department of Correction,<br>    Defendant | MAGISTRATE JUDGE Bowler<br><br>VERIFIED<br>COMPLAINT AND<br>DEMAND FOR JURY<br>TRIAL<br><br>RECEIPT # 64469<br>AMOUNT $<br>SUMMONS ISSUED Y<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK Toni<br>DATE 8/24/05 |

Plaintiff, for his complaint against the defendants, allege

**JURISDICTION AND VENUE**

1.      Plaintiff invokes this Court's jurisdiction under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section 2000 (e), *et seq.*    Plaintiff invokes this Court's

1

jurisdiction under 28 U.S.C. Section 13131 and 1343 on the ground that this action also arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sections 1981, 1983, 1985, and 1986. Plaintiff invokes this Court's pendent jurisdiction with respect to this claims based on the common law of Massachusetts.

2. The venue of this action is properly in the District of Massachusetts pursuant to 28 U.S.C. Section 1391 because plaintiff's claims arise in this district.

## PARTIES

3. Plaintiff is a citizen of the United States and resides in Marshfield, Plymouth County, Massachusetts.

4. The Massachusetts Department of Correction is an agency of the Commonwealth of Massachusetts created pursuant to M.G.L. c. 27, s. 1, with a principle place of business at 50 Maple St., Milford, MA 01757.

5. Kathleen Dennehy is the duly appointed Commissioner of the Department of Correction and in that capacity, is and was at all pertinent times herein, the executive and administrative head of the Department of Correction and all officers and employees of the department, All correctional institutions of the Commonwealth of Massachusetts are under the supervision and control of the Commissioner, with a principle place of business at 50 Maple St., Milford, MA 01757.

6. Defendant Louis Spencer is an employee of the Massachusetts Department of Correction holding the title of Superintendent, MCI, Norfolk, 2 Clark St., P.O. Box 43, Norfolk MA 02056. At all times pertinent herein, Superintendent Spencer exercised supervisory authority over plaintiff pursuant to the authority of the defendant Dennehy.

7. Defendant Daniel Calis is an employee of the Massachusetts Department of Correction and at all pertinent times herein, he was and is the Director of Security, MCI, Norfolk., 2 Clark St., P.O. Box #43, Norfolk, MA 02056.

8. Defendant Andrew Rego is an employee of the Massachusetts Department of Correction holding the rank of Captain. At all pertinent times herein, Captain Rego was the Shift Commander of plaintiff at MCI, Norfolk pursuant to the authority of the defendant Dennehy, 2 Clark St., P.O. Box #43, Norfolk, MA 02056.

9. Defendant Scott Paiva is an employee of the Massachusetts Department of Correction holding the rank of Captain. At all pertinent times herein, Captain Paiva exerted supervisory authority over plaintiff at MCI, Norfolk, pursuant to the authority of the defendant Dennehy, 2 Clark St., P.O. #43, Norfolk, MA 02056.

## FACTS

10. Richard Goodman (hereinafter "plaintiff") has been employed as a Correction Officer I by the Massachusetts Department of correction since March, 1992. At all pertinent times herein, he was assigned to MCI, Norfolk.

11. On September 24, 2003, plaintiff gave notice to defendant Spencer that he wished to switch (swap) days off so he could observe Yom Kippur. The plaintiff requested the 6th of October for October 11. (Exhibit #1 attached hereto).

12. On September 24, 2003, plaintiff submitted another notice to defendant Spencer stating that he wished to rescind his prior request to switch (swap) work days and to take only October 6, 2003 off without pay because plaintiff was prohibited from swapping days for one year. (Exhibit #2 attached hereto).

3

13. On October 2, 2003, the defendant Rego granted plaintiff's request for time off on October 6, 2003. Subsequently, defendant Rego, at the direction of defendant Calis, told plaintiff that he could not take October 6, 2003 off without pay and that plaintiff would have to utilize vacation time, personal time, or a compensatory day off. The defendants Rego and Paiva informed plaintiff that if plaintiff did not show up for work on October 6, 2003, his absence would be considered unauthorized. (Exhibit # 3 attached hereto). At the time Rego was aware that plaintiff did not have available vacation, personal, or compensatory time.

14. On October 3, 2003, plaintiff was notified by the defendant Paiva that plaintiff was not authorized to have Monday, October 6, 2003 off as plaintiff had no available time to use. (e.g. no vacation, personal, or compensatory time available). (Exhibit #4 attached hereto).

15. Plaintiff again asserted to the defendant Rego and the defendant Paiva that he did not have vacation time, personal time, or compensatory day time available. Plaintiff also informed defendant Rego of the problem plaintiff has had in the past with obtaining days off for his religious observance.

16. In order to observe Yom Kippur, plaintiff did not appear for work on October 6, 2003 and he was suspended by the defendant Calis which was approved by defendant Dennehy for one day without pay on January 7, 2004.

17. On March 9, 2004, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging that the Massachusetts Department of Correction failed to provide him with a reasonable job accommodation because of his

4

religion (Jewish) in violation of Title VII of the Civil Rights Act of 1964, as amended. (Exhibit #5 attached hereto).

18. On April 27, 2004, the Equal Employment Opportunity Commission issued a "Determination" stating, in part, that "The evidence obtained by the EEOC shows that the Charging Party (plaintiff) followed the Respondent's (Massachusetts Department of Correction) procedure and gave notices about his need for religious accommodations for October 6, 2003. Respondent was aware that Charging Party had no earned time that he could have used to take a day off from work and was also prohibited (by the Respondent for one year) to swap (switch) a regular schedule with another employee. Charging Party had no way of taking October 6, 2003, off from work for religious observance. Respondent failed to engage in an interactive dialogue and never took any efforts/initial steps to accommodate the Charging Party or offer the Charging Party a reasonable accommodation that would have removed the conflict between his employment and religious belief. Hence, Respondents' conduct violated Title VII of the Civil Rights Act of 1964 as amended. (Exhibit #6 attached hereto).

19. By letter dated May 25, 2005, the Civil Rights Division, United States Department of Justice, sent to plaintiff a "Notice of Right to Sue Within Ninety Days" to plaintiff. Said letter was received by plaintiff on May 26, 2005. (See Exhibit #7 attached hereto).

20. On about June 15, 2005, the Massachusetts Department of Correction rescinded the one day suspension which was imposed upon plaintiff and returned his one day of lost pay.

## INCORPORATION OF ALLEGATIONS

21.　All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF
## CIVIL RIGHTS ACT OF 1964.

22.　The Massachusetts Department of Correction and the individual defendants acting in their official and individual capacities have discriminated against plaintiff because of his religion with respect to his employment by failing to provide plaintiff with a reasonable job accommodation because of his religion (Jewish) and have thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. Section 2000e, *et seq.*

23.　Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 9, 2004 as required by 42 U.S.C. Section 2000e *et seq.* More than 180 days have elapsed since the filing of that charge and neither the EEOC nor the Attorney General of the United States has filed a civil action with respect to the charge, and the EEOC has not entered into a conciliation agreement to which plaintiff is a party.

24.　As a result of the foregoing deprivations, the defendants, individually and collectively, have denied plaintiff his right to the free exercise of religion, have caused him to suffer anxiety and other distress by reason of his being denied the opportunity to observe the religious holiday of Yom Kippur. Goodman has suffered humiliation and embarrassment, and has suffered other compensatory damage to be proved at trial.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. SECTION 1985.

25. The defendants, individually and collectively, named herein have conspired for the purpose of depriving plaintiff of the equal protection of the law, and of equal privileges and immunities under the law by refusing to grant the plaintiff the opportunity to observe a religious holiday (Jewish). The conduct of the defendants, individually and collectively, was motivated impermissibly by plaintiff's religion, by personal malice against the plaintiff, and by improper consideration of plaintiff's free speech under the First and Fourteenth Amendments to the United States Constitution.

26. In furtherance of the object of this conspiracy to deprive plaintiff of the equal protection of the law and his equal privileges and immunities under the law, the defendant have done or have caused to be done the acts set forth in this Complaint which resulted in the plaintiff being denied the opportunity to observe his religious holiday.

27. Plaintiff has been injured in his person and property and deprived of exercising his rights and privileges as a citizen by virtue of the conduct of the conspiring defendants. Plaintiff's allegations as to damages in paragraph 23 are incorporated herein by reference.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. SECTION 1986

28. Plaintiff has been damaged in the manner set forth in paragraph 23 of the complaint which is incorporated herein by reference and is entitled, by virtue of 42 U.S.C. Section 1986 to receive from the individual defendants, and any other defendant

11/18/2003 TUE 09:34 FAX

Exhibit #1

To: L Spencer
From: CO R Goodman
Date 9·23·03



RECEIVED SEP 2 4 2003 SUPERINTENDENT'S OFFICE MCI-NORFOLK

Sir

I am Requesting to Switch Days off so I may Celebrate Yom Kippur, which is the Holiest Day of my Religion. The Days would be the 6th of Oct for the 11th.

Please expedite my Request so arrangements can be made.

Thanks
CO [signature]

EXHIBIT
C

Exhib. #2



To: L. Spencer
From: CO R Goodman
Date: 9·24·03
Sub: Change of Request

Sir:

I would like to rescind my request dated 9-23-03 and just request Oct. 6 2003 off, WOP without prejudice for the same reason. (Yom Kipper)

## Massachusetts Department of Correction
### MCI-Norfolk

### Incident Report

**CONFIDENTIAL**

Time **9:00pm**   Date **10-7-03**   Place Occurred **MCI Norfolk**   Inmate's Name _____

Codes & Subject: **21 CONFIDENTIAL**

From **Capt. Andrew Rego**   Department **Security 3x11 Shift**
(Employee's Name)

Please write, in ink, your report below regarding the above mentioned incident, using additional forms if necessary.

Sir,

On Thursday October 2, 2003 at approximately 3:30 p.m. I awarded time off on the 3x11 shift via the red book, 5 day rule for Monday the 6th of October. Officer Goodman was granted the day via seniority. It was upon my intention to record the day on the advanced roster that I realized Officer Goodman had requested a WOP for the day. I then began to inquire about his requested WOP for the day.

After speaking with the Director of Security I entered the SMU as reflected in the trap log and advised Officer Goodman that he would not be allowed to utilize a WOP for Monday the 6th as requested and would have to utilize some sort of time, vacation, personal or even a comp day.

Officer Goodman began to explain his past attempts to gain religious holiday's off. He claimed to be waiting for a response from Mr. Spencer, he had a written request for the day submitted to his office. He also said he possessed a letter from last year that instructed him to utilize proper procedures when requesting religious holiday's and that was what he was doing. I do not recall who he said it was from, possibility the Superintendent. It was at this point I advised him to address the situation tomorrow, on Friday with the proper staff.

It should be noted that I made it very clear to Officer Goodman to address the issue, I was not going to award the day to another Officer at this point. I was going to allow him the opportunity to rectify the problem, and that he would be required to utilize some sort of earned time if he intended to take the day.

Signed **Andrew Rego**

Title **Captain**

Supt Action _____

Referred To _____

**EXHIBIT F**

11/18/2003 TUE 00:33 FAX                                                     Exh..t #4

**CONFIDENTIAL**

Massachusetts Department of Correction
MCI-Norfolk

Incident Report



| | | | | | |
|---|---|---|---|---|---|
| Time | 10:00 PM | Date 10/03/03 | Place Occurred  Outer Control | Inmate's Name | N/A |

Codes & Subject:   #21. Confidential

From   Scott Paiva                                         Department   Captain
              (Employee's Name)

Please write, in ink, your report below regarding the above mentioned incident, using additional forms if necessary.

On 10/03/03 at approx. 4:20 PM D.O.S. Calis instructed me to inform CO. Richard Goodman that he was not authorized to have Monday 10/6/03 off as he had no available time to use. At approx. 4:30 PM I spoke to CO. Richard Goodman about his request to have Monday 10/06/03 off for a religious purpose and informed him of the decision. I once again spoke to CO. Goodman at approx. 10:30 PM in the Gatehouse back room. I asked him What he planned to do for Monday and he replied "I'm not coming in". I asked him how this would be as he had no available time to use. CO. Goodman said "Well, no one told me I had to come in, I was just told I had no time to use and I couldn't do a swap". I at that time told CO. Goodman that his request to have Monday off was denied and he is to report to work Monday 10/6/03.

Signed  Scott Paiva

Title   Captain

Supt Action _____

Referred To _____

**EXHIBIT G**

| CHARGE OF DISCRIMINATION | Charge | Exhibit #5 |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 161-2004-00158 |

| Massachusetts Commission Against Discrimination | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Richard M. Goodman | (781) 834-4702 | 08-21-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7 Anderson Drive, Marshfield, MA 02050 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MA. DEPT. OF CORRECTIONS | 500 or More | (617) 727-8386 |

| Street Address | City, State and ZIP Code |
|---|---|
| P. O. Box 946, Norfolk, MA 02056 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest: 10-06-2003    Latest: 10-06-2003<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the Respondent in March of 1992 as a Corrections Officer. In September of 2003, I requested, and was approved, to take a day off from work (October 6, 2003) for religious observance. On October 3, 2003, I was then told that my request for a day off was denied and that I had to show up for work on October 6, 2003. I took October 6, 2003 off from work to observe Yom Kippor and was then suspended by the Respondent for "No Call-No Show."

II. Respondent did not give me a valid reason why it denied my request for a day off, after it was approved.

III. I believe Respondent failed to accommodate me because of my religion (Jewish) in violation of Title VII of the Civil Rights Act of 1964, as amended, and all applicable Massachusetts State Laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>2/9/04     [signature]<br>Date     Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>[signature]<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>Susan J. Burnham<br>NOTARY PUBLIC<br>My commission expires Aug. 22, 2008 |

Exhibit #6



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

RE: Charge No. 161-2004-00158
Richard Goodman vs. Massachusetts Dept. of Corrections

Richard M. Goodman
7 Anderson Drive
Mansfield, MA. 02050                    (Charging Party)

vs.

Elizabeth Day, Esq.
C/o Commonwealth of Mass.
Dept. of Corrections
75 Franklin Street, Suite 600
Boston, MA. 02110                       (Respondent)

### DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. According to the charge of employment discrimination, Richard M. Goodman (Charging Party) alleged that the Massachusetts Department of Corrections (Respondent) failed to provide him with a reasonable job accommodation because of his religion (Jewish) in violation of Title VII of the Civil Rights Act of 1964, as amended.

The undisputed facts shows that on September 23, 2003, Charging Party gave notice to the Respondent that he wished to "switch days off so (he) may celebrate Yom Kippur...the days would be the 6th of Oct. for the 11th." On September 24, 2003, Charging Party submitted another notice to the Respondent that he wished to rescind his prior request to switch workdays and just take October 6, 2003 off without pay, however, he was notified by the Respondent on October 3, 2003 that "he was not authorized to have Monday 10/6/03 off as (Charging Party) had no available (earned) time to use (e.g., no vacation, personal or compensatory time available)." Respondent again reminded charging Party on October 7, 2003 that while Charging Party was awarded time off on October 6, 2003 in the Red Book, he, in fact, cannot take October 6, 2003 off from work without pay and "would have to utilize some sort of time, vacation, personal or even a comp day." Respondent also told Charging Party that " I made it very clear to Officer Goodman to address the issue...I was going to allow him the opportunity to rectify the problem and that he would be required to utilize some sort of earned time if he intended to take the day." Charging Party did not show up for work on October 6, 2003 and his absence was considered

unauthorized by the Respondent and was subsequently suspended for one day without pay on January 7, 2004.

According to Section 1605.2(c) (1) on the Guidelines on Discrimination because of Religion, it states, in relevant parts, that, "After an employee…notifies the employer…of his or her need for a religious accommodation, the employer…has an obligation to reasonably accommodate the individual's religious practices. A refusal to accommodate is justified only when an employer…can demonstrate an undue hardship." The evidence obtained by the EEOC shows that Charging Party followed the Respondent's procedure and gave notices about his need for religious accommodations for October 6, 2003. Respondent was aware that Charging Party had no earned time that he could have used to take a day off from work and was also prohibited (by the Respondent for one year) to "swap (switch)" a regular schedule with another employee. Hence, Charging Party had no way of taking October 6, 2003 off from work for religious observance. Respondent failed to engage in an interactive dialogue and never took any efforts/initial steps to accommodate the Charging Party or offer the Charging Party a reasonable accommodation that would have removed the conflict between his employment and religious beliefs. Hence, Respondent's conduct violated Title VII of the Civil Rights Act of 1964, as amended.

Section 706(b) of Title VII requires that if the Commission determines there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. If you do not contact Feng An, Kenneth within ten (10) days of receipt of this letter and indicate a willingness to enter the conciliation process, the Commission will assume that conciliation has failed. Investigator Feng An, Kenneth, can be reached at 1-617-565-2141, during normal business hours, Monday to Friday.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute, and Section 1601.26 of the Commission's procedural regulations.

If Respondent declines to enter into a conciliation discussion, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Commission, I will so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved person, and the Commission.

On Behalf of the Commission:

Robert L. Sanders
Area Office Director

Date



**U.S. Department of Justice**   Exhibit #7

Civil Rights Division

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

DJP:WBF:mdw
DJ 170-50-1

MAY 25 2005

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Richard M. Goodman
7 Anderson Drive
Marshfield, MA 02050

       Re: Richard M. Goodman v. Massachusetts Department
          of Corrections, EEOC No. 161-2004-00158

Dear Mr. Goodman:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.
    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).
    We are returning the files in this matter to EEOC's Boston Area Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Robert L. Sanders, Area Director, EEOC, John F. Kennedy Federal Building, Government Center, 4th Floor, Rm. 475, Boston, MA 02203.

                                    Sincerely,

                                    R. Alexander Acosta
                                    Assistant Attorney General
                                    Civil Rights Division

                By:                     William B. Fenton
                                    Deputy Chief
                                    Employment Litigation Section

cc: Elizabeth Day, Esq.
    Massachusetts Department of Corrections

    EEOC District Office

## Verification

I, Richard Goodman, plaintiff in the attached Compalint, hereby state under the pains and penalties of perjury that I have read the attached Complaint and the contents contained therein are true and accurate to the best of my knowledge and belief.

_____
Richard Goodman

Dated: August 23, 2005

9

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard M. Goodman

**DEFENDANTS**
Massachusetts Department of Correction

(b) County of Residence of First Listed Plaintiff **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Worcester**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
(781) 834-4690
Frank J. McGee, Esq., 1952 Ocean St.
Marshfield, MA 02050

Attorneys (If Known) Nancy Ankers White (617) 727-3300
70 Franklin St., Boston, MA 02110-1300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII Civil Rights Act of 1964 42 USC sec. 2000(e) et seq.
Brief description of cause:
Plaintiff denied accomodation to observe religious holy day.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/23/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  __Richard M. Goodman v. Massachusetts Department of Correction__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   __  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __n/a__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☑   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Frank J. McGee, Esquire__
ADDRESS  __1952 Ocean St., Marshfield, MA 02050__
TELEPHONE NO.  __(781) 834-4690__

(CategoryForm.wpd -5/2/05)