UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RICHARD M. GOODMAN,                                    NO. 05-11751

    Plaintiff,

    v.

MASSACHUSETTS DEPARTMENT OF CORRECTION,
KATHLEEN DENNEHY,
LUIS SPENCER,
DANIEL CALIS,
ANDREW REGO, and
SCOTT PAIVA,

    Defendants.

## ANSWER AND JURY CLAIM

### ANSWER

**Jurisdiction and Venue**

1.    This paragraph is a jurisdictional statement that requires no responsive pleading.

2.    This paragraph is a statement of venue that requires no responsive pleading.

**Parties**

3.    The defendants admit the allegations contained in this paragraph.

4.    The defendants admit the factual allegation that the Department of Correction is a Commonwealth agency with a principle place of business at 50 Maple Street, Milford, Massachusetts 01757. All other allegations are conclusions of law that require no responsive pleading.

5.     The defendants admit the factual allegation that Kathleen Dennehy is the Commissioner of the Department of Correction with a principle place of business at 50 Maple Street, Milford, Massachusetts 01757. All other allegations are conclusions of law that require no responsive pleading.

6.     The defendants admit the factual allegation that Luis Spencer is an employee of the Massachusetts Department of Correction holding the title of Superintendent, MCI-Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts 02056. All other allegations contained in this paragraph are conclusions of law that require no responsive pleading.

7.     The defendants deny the factual allegation that Daniel Calis is currently the Director of Security at MCI-Norfolk. The defendants admit all other allegations contained in this paragraph.

8.     The defendants admit the factual allegations that Andrew Rego is an employee of the Massachusetts Department of Correction holding the rank of Captain, that at all pertinent times, Captain Rego was the Shift Commander of the plaintiff at MCI-Norfolk, and that his address is 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts 02056. All other allegations are conclusions of law that require no responsive pleading.

9.     The defendants admit the factual allegation that Scott Paiva is an employee of the Massachusetts Department of Correction holding the rank of Captain, that at all pertinent times, Captain Paiva exercised supervisory authority over the plaintiff at MCI-Norfolk, and that his address is 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts 02056. All other allegations are conclusions of law that require no responsive pleading.

**Facts**

10.    The defendants admit the factual allegations contained in this paragraph.

11. The defendants admit the factual allegations contained in this paragraph, except that defendants state that the plaintiff's letter is dated October 23, not October 24, 2003.

12. The defendants admit the factual allegation contained in this paragraph.

13. The defendants admit the factual allegation that on October 2, 2003, Captain Rego granted the plaintiff's request for time off on October 6, 2003. Defendants admit the factual allegation that subsequently, Captain Rego told the plaintiff that he could not take October 6, 2003 off without pay and that the plaintiff would have to utilize vacation time, personal time, or a compensatory day off. The defendants deny all other allegations contained in this paragraph.

14. The defendants admit the factual allegations contained in this paragraph.

15. The defendants deny all allegations contained in this paragraph.

16. The defendants admit the factual allegations that the plaintiff did not appear for work on October 6, 2003. The defendants have insufficient information to form a belief as to the veracity of the factual allegation that the plaintiff did not appear for work in order to observe Yom Kippur. The defendants admit the factual allegation that the plaintiff was suspended for one day without pay. The defendants deny all other allegations contained in this paragraph.

17. The defendants admit the factual allegations contained in this paragraph, except that the defendants have insufficient information for form a belief as to the veracity of the allegation that the filing date was March 9, 2004.

18. The defendants admit the factual allegations contained in this paragraph that on April 27, 2004, the Equal Employment Opportunity Commission issued a Determination.

Defendants make no response to the remainder of the allegations contained in this paragraph, which merely paraphrases the content of said Determination, since the Determination speaks for itself.

19. The defendants admit the factual allegation contained in this paragraph that by letter dated May 25, 2005, the Civil Rights Division, United States Department of Justice, sent to plaintiff a "Notice of Right to Sue Within Ninety Days." The defendants have insufficient information to form a belief as to the factual allegation that the plaintiff received said letter on May 26, 2005.

20. The defendants admit the factual allegation contained in this paragraph.

**Incorporation of Allegations**

21. The defendants incorporate by reference and repeat each of their responses to paragraphs 1 through 21 of the complaint into each of the following claims for relief as if fully set forth in the response to each claim.

**First Claim for Relief – Civil Rights Act of 1964**

22. The defendants deny all allegations contained in this paragraph.

23. The defendants admit the allegations contained in this paragraph.

24. The defendants deny all allegations contained in this paragraph.

**Second Claim for Relief – 42 U.S.C. § 1985**

25. The defendants deny all allegations contained in this paragraph.

26. The defendants deny all allegations contained in this paragraph.

27. The defendants deny all allegations contained in this paragraph.

**Third Claim for Relief – 42 U.S.C. § 1986**

28. The defendants deny all allegations contained in this paragraph.

**Fourth Claim for Relief – M.G.L. c. 151B**

29. The defendants deny all allegations contained in this paragraph.

30. The defendants deny all allegations contained in this paragraph.

## DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

The defendants are entitled to qualified immunity.

### Third Defense

Because of his own conduct, the plaintiff is estopped from raising any of the claims he may have against the defendants for matters asserted in the complaint.

### Fourth Defense

The plaintiff, through his own actions, is responsible for any injury or suffering that he allegedly may have had during the time herein relevant, and, accordingly, he is barred from the recovery of any relief sought.

### Fifth Defense

The claim against defendants Dennehy, Spencer, Calis, Rego and Paiva under Title VII of the Civil Rights Act of 1964 is barred because the plaintiff failed to names these persons as respondents in his complaint to the Equal Employment Opportunity Commission.

### Sixth Defense

The claim against defendants Dennehy, Spencer, Calis, Rego and Paiva under Title VII of the Civil Rights Act of 1964 is barred because the Equal Employment Opportunity

Commission "Notice of Right to Sue" letter authorized the plaintiff to bring suit only against the Massachusetts Department of Correction, not against the individual defendants.

### Seventh Defense

The claim against defendants Dennehy, Spencer, Calis, Rego and Paiva under G.L. c. 151B is barred because the plaintiff failed to name these persons as respondents in his complaint to the Massachusetts Commission Against Discrimination.

### Eighth Defense

The claim under Title VII of the Civil Rights Act of 1964 is barred by the statute of limitations.

### Ninth Defense

The claims against the Department of Correction are barred to the extent that the Department of Correction, as a Commonwealth agency, is immune from suit by virtue of the doctrine of sovereign immunity.

### Tenth Defense

The defendants have provided a reasonable accommodation for the plaintiff's religious practices.

### Eleventh Defense

The defendants reserve the right to add additional defenses.

## JURY CLAIM

The defendants claim trial by jury on all claims so triable.

7

Dated: October 19, 2005                    Respectfully submitted,


                                           NANCY ANKERS WHITE
                                           Special Asst. Attorney General


                                           /s/ William D. Saltzman_____
                                           William D. Saltzman, BBO No. 439749
                                           Department of Correction Legal Division
                                           70 Franklin Street, Suite 600
                                           Boston, Massachusetts 02110
                                           (617) 727-3300, Ext. 154



                         Certificate of Service

    I, William D. Saltzman, counsel for the defendants, hereby certify that on this 19th day of October, 2005, I caused a copy of the forging to be served by first class mail, postage prepaid, on counsel for the plaintiff, Frank J. McGee, Esq., to his address, 1952 Ocean Street, Marshfield, Massachusetts 02050.

                                           /s/ William D. Saltzman_____
                                           William D. Saltzman